*Lizabeth Schalet*
*The Legal Aid Society*
*199 Water Street*
*New York NY10038*

*Laura Sager*
*Washington Square Legal Services, Inc.*
*New York University School of Law*
*245 Sullivan St., 5th Fl.*
*New York, NY 10012*

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KARINA RAMIREZ PEREZ, VIVIANA TAVARES, CARMEN VELOZ,<br><br>Plaintiffs,<br><br>v.<br><br>JUNIE'S WINE & LIQUOR, INC.<br><br>Defendant. | 22-CV-<br><br>COMPLAINT<br><br>**Jury Trial Demanded** |

Plaintiffs Karina Ramirez Perez ("Plaintiff Ramirez Perez" or "Ms. Ramirez Perez"), Viviana Tavares ("Plaintiff Tavares" or "Ms. Tavares) and Carmen Veloz ("Plaintiff Veloz" or "Ms. Veloz")(collectively "Plaintiffs") hereby allege, as and for their complaint against Junie's Wine & Liquor ("Junie's" or "Defendant"), as follows:

**NATURE OF THE SUIT**

1. As described below, Junie's discriminated against the Plaintiffs who were employed as cashiers by Junie's at Gotham Wines & Liquor ("Gotham").

1

2. Upon information and belief, Junie's purchased this business in or about July 2019 and thereafter became Plaintiffs' employer.

3. The Plaintiffs were each dedicated to and loved their jobs, took on extra duties and were treated with respect while employed by the previous owner.

4. The work environment changed quite a bit for the Plaintiffs once Junie's became their employer. The new manager rarely spoke to them during the day and failed to even greet them or say goodbye. Further, without any discussion, Junie's took away the extra duties that had been given to Plaintiffs over the years.

5. In contrast, Junie's male employees were cross-trained so that they could perform a variety of roles. They were warmly welcomed and invited to participate in wine and liquor tastings by the new manager.

6. When the Covid pandemic hit New York City in March of 2020, Ms. Ramirez Perez was both a straight A student, completing a bachelor's degree in accounting at Lehman College and a full-time Cashier at Junie's.

7. At this time, Ms. Tavares was a college student, a caretaker for her elderly mother, and a full-time Cashier at Junie's.

8. Ms. Veloz was a single mother of two and the sole breadwinner for the family and a full-time Cashier at Junie's at the start of the pandemic.

9. In April 2020 Junie's fired the Plaintiffs via text message. The male employees were not fired and did not receive a similar text message.

10. Thus, the Plaintiffs bring this action against Junie's Wine & Liquor, Inc. d/b/a Gotham Wines & Liquor for violating Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et. seq., the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law

§ 290 et. seq., and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101, et. seq. by discriminating against them in the terms and conditions of their employment on the basis of their sex and by terminating their employment on the basis of their sex.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over Plaintiffs' Title VII pursuant to 42 U.S.C. 2000-e(5)(f)(3) and 28 U.S.C. § 1331.

12. This Court has supplemental jurisdiction over Plaintiffs' NYSHRL and NYCHRL claims pursuant to 28 U.S.C. § 1367.

13. Venue in this district is proper pursuant to 28 U.S.C. §1391(b)(1)(a) and 42 U.S.C. 2000-e(5)(f)(3) in that it is a judicial district in which the defendant resides and where the Plaintiffs would have worked but for the alleged unlawful employment practice.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

14. Plaintiffs have exhausted all administrative remedies in a timely manner.

15. The Plaintiffs each filed a timely Verified Complaint against Junie's with the New York State Division of Human Rights ("NYSDHR") for unlawful discriminatory practice relating to employment requesting it to be dual filed with the EEOC.

16. The NYSDHR informed each of them that the matters were also filed at the Equal Employment Opportunity Commission ("EEOC") and issued them EEOC Charge numbers.

17. In June 2022, Plaintiffs requested that their SDHR Complaints be administratively closed and that the EEOC issue a notice of right to sue ("NORTS").

18. The EEOC issued the NORTS to Ms. Tavares and Ms. Veloz but not to Ms. Ramirez Perez.

3

19. Ms. Ramirez Perez inquired of the EEOC why she had not received a NORTS and the EEOC responded that they did not have her charge number in their system. Ms. Ramirez Perez does not know why the EEOC does not have her charge number in their system since on September 17, 2020, the NYSDHR sent Ms. Ramirez Perez a letter which included the following:

> Dear Karina Ramirez Perez:
>
> Please be advised that this office has received your complaint. Your filing date is 9/17/2020.
>
> A copy of your complaint, and the determination, will be sent to the U.S. Equal Employment Opportunity Commission (EEOC), so that your complaint may be dual filed under applicable federal law. Your EEOC charge number is 16GC003901.

20. Ms. Ramirez Perez has made numerous unsuccessful attempts to secure the NORTS but has not been sent a NORTS.

21. Based on the SDHR letter and the assignment of an EEOC Charge number of 16GC003901 to Ms. Ramirez Perez and the NORTS received by Ms. Tavares and Ms. Veloz, Plaintiffs should be deemed to have met any and all prerequisites to the filing of this suit.

## PARTIES

22. Ms. Ramirez Perez is female and resides in the City and State of New York. She was employed as a Cashier by Defendant in the wine and liquor store located at 2517 Broadway New York, NY 10025 d/b/a Gotham Wines & Liquors.

23. Ms. Tavares is female and resides in the City and State of New York. She was employed as a Cashier by Defendant in the wine and liquor store located at 2517 Broadway New York, NY 10025 d/b/a Gotham Wines & Liquors.

24. Ms. Veloz is female and resides in the City and State of New York. She was employed as a Cashier by Defendant at the wine and liquor store located at 2517 Broadway New York, NY 10025 d/b/a Gotham Wines & Liquors.

25. Defendant is a domestic business corporation incorporated under the New York State Business Corporations Law. N.Y. Bus. Corp. Law §§ 402. Junie's is engaged in the sale of wines and liquors at a store located at 2517 Broadway, New York NY 10025.

26. On information and belief, Junie's purchased the wine and liquor store on or about July 15, 2019 from Diane Serra, Inc. which had been operating the store at the same premises doing business under the name Gotham Wines & Liquors ("Gotham").

27. Since that purchase, Junie's has operated the store doing business under the name Gotham Wines & Liquor (Gotham), although Junie's has not registered that name with the New York State Division of Corporations as a d/b/a.

28. On information and belief, Howard Fang, is the owner of Junie's. His address is 16655 20th Avenue, Whitestone, NY 11357.

29. On information and belief, Howard Fang owns more than one company that sells wine and liquors, including but not limited to Wow Wine, Inc. d/b/a Wow Wine & Spirits, located at 60 E 34th Street, New York, NY, 10016.

**FACTS**

**All three plaintiffs worked successfully as Cashiers at Gotham Wine & Liquors prior to Junie's. Tavares and Veloz were trained to do additional tasks.**

30. All three plaintiffs were employed as cashiers by Diane Serra, Inc., the predecessor company to Junie's.

31. Tavares started working for Diane Serra, Inc. as a Cashier in February of 2013.

32. Veloz started working for Diane Serra, Inc. as a Cashier in April of 2014.

33. Ramirez Perez started working for Diane Serra, Inc. as a Cashier in June of 2015.

34. The job duties of the Cashiers included working the register, charging customers, filling internet and phone orders, and handling receipts.

35. In January 2014, the Gotham store manager taught Plaintiff Tavares to do bank reconciliations and bank receipts. She was responsible for making sure sales numbers matched inventory and bank deposits.

36. Around January 2015, the same manager taught Plaintiff Tavares how to do payroll tasks. She was responsible for making sure payroll was processed by Wednesdays so employee paychecks could be distributed on Fridays.

37. Around the same time, the accountant for Diane Serra, Inc. taught Plaintiff Tavares to do accounts receivable.

38. In or about DATE, Diane Serra, Inc., taught Plaintiff Veloz to do inventory tasks such as handling incoming merchandise, entering incoming merchandise into the system, and keeping count of merchandise.

39. Plaintiff Veloz was also taught to do payroll tasks for times when Ms. Tavares was not working or otherwise unable to do them.

40. As described below, after Junie's purchased the store from Diane Serra, Inc., the new manager took those non-cashier job duties away from Tavares and Veloz.

**On or about July 15, 2019, Defendant Junie's took over operation of Gotham**

41. On or about July 15, 2019, when Defendant Junie's took ownership of the store, the three plaintiffs continued in their positions as employees of Junie's.

42. On information and belief, all of the employees of Diane Serra, Inc. who had been working at Gotham continued to work there after the transition.

43. The Gotham store was and is staffed by employees who work as cashiers, salespeople, shelf stockers, and delivery employees.

44. Upon information and belief, when Junie's took over the Gotham store, it brought in a new general manager for the store, Zhancheng Lin, aka "Jimmy" ("Mr. Lin")

**Defendant Junie's discriminated against Plaintiffs in the terms and conditions of their employment on the basis of sex**

45. When Junie's took over the Gotham store, the three female plaintiffs were the only female employees and the only cashiers, and this continued until they were fired in April 2020.

46. When Junie's took over the Gotham store, the manager, Mr. Lin, would only greet the male employees when he arrived at the store.

47. Mr. Lin would rarely speak to the Plaintiffs. He usually would have another male employee relay instructions to them on his behalf.

48. When Gotham would begin selling a new product, Mr. Lin would invite the male employees to taste the product and teach them about it. Plaintiffs were not included in these tastings.

49. Mr. Lin used a group message in WeChat to communicate with Plaintiffs, the three female employees and a few male employees.

50. On information and belief, Mr. Lin used a separate text message thread to communicate only with Junie's male employees.

51. About two weeks after Junie's took over the Gotham store, Mr. Lin informed Ms. Tavares that she would no longer be responsible for any accounts receivable tasks and the majority of her payroll tasks. From that point forward, she was only responsible for calculating

7

the hours on each employee's timecard and sending the results for processing, in addition to her cashier duties.

52. At the same time, Mr. Lin informed Ms. Veloz that she was also no longer responsible for payroll tasks in Ms. Tavares's absence or any of the additional responsibilities she had.

53. At some point, Mr. Lin asked the three Plaintiffs to train men who were employed as salespersons and shelf stockers to do cashier tasks, which Plaintiffs did.

54. On information and belief, none of these men had asked to be trained on cashier duties.

55. On information and belief, Mr. Lin wanted the male employees to be able to do any task regardless of their job title.

56. The Plaintiffs were not trained on any duties outside of their cashier tasks.

57. On information and belief, Defendants treated male and female employees differently as described above because of their sex.

**On March 12, 2020, the first case of COVID-19 was recorded in New York**

58. On March 20, 2020, Governor Andrew Cuomo signed the New York State on PAUSE Executive Order, which required all non-essential businesses to close effective March 22, 2020 at 8:00 PM due to the Covid pandemic.

59. As a wine and liquor store, Gotham was declared an essential business for purposes of the executive order and therefore was allowed to remain open.

60. Beginning in or around March 2020, Gotham experienced a significant increase in phone and internet orders from customers. The three Plaintiffs, as cashiers, handled phone and internet orders.

**On March 23, 2020, Plaintiffs were furloughed**

61. On March 23, 2020, at 7:00 AM, Mr. Lin sent a message in the WeChat group to the three Plaintiffs saying, "due to virus, we have cut back hours and staff. Stay home and stay safe girls."

62. On information and belief, on or about the same date, Mr. Lin told male employees of Junie's in their separate text message group chat that it was their choice whether to work or stay home due to the pandemic.

63. Mr. Lin gave no reason why only Plaintiffs were not given the option to continue working.

64. On information and belief, the store continued to need cashiers, especially for the influx of phone and online orders.

65. On information and belief, the Plaintiff's sex was a motivating factor in Junie's decision to lay them off.

**On April 22, 2020, Junie's terminated Plaintiffs' employment**

66. On April 22, 2020, Mr. Lin sent Ms. Ramirez Perez a text message terminating her employment which read, "Good afternoon Karina, as you know the virus has effected [sic] a lot of businesses and Gotham has to be one of them. With the intensive rent and expense, the upper management made hard decision and need to let go some staff. Sorry to inform you that your name came up to the list."

67. On April 22, 2020, Mr. Lin sent Ms. Tavares a text message terminating her employment which read, "Good afternoon Vivian [sic], I hope the family and everyone is safe and healthy. The upper management team wanted me to inform you that they are going through a tough time, they need to let go some staff. Your name was on the list. We apologize for any inconvenience. Stay safe."

68. On April 22, 2020, Mr. Lin sent Ms. Veloz a text message terminating her employment which read, "Hello Carmen, I hope things are going well. Unfortunately, due to coronavirus, the upper management has made a hard decision to let some staff go. We are going through a lot of hardships and I am sorry to inform you, the decision is final."

69. Upon information and belief, Junie's did not fire any men on or about April 22, 2020.

70. Mr. Lin gave no reason why no other employees were terminated aside from Plaintiffs.

71. On information and belief, the store continued to need cashiers, especially for the influx of phone and online orders.

72. Upon information and belief, after Plaintiffs were fired, male employees began performing the cashier duties. Those men were the same men that Plaintiffs had trained to perform cashier duties.

73. On information and belief, the Plaintiffs' sex was a motivating factor in Junie's decision to terminate them.

74. As a result of being fired, Plaintiffs suffered economic loss and emotional distress.

**Junie's asserted reasons for terminating Plaintiffs are a Pretext for Discrimination.**

75. After each of the three Plaintiffs filed complaints of discrimination with the SDHR, Junie's submitted position statements that contained inconsistent and non-credible responses. For example, in their response to Ms. Ramirez Perez's complaint, Junie's claimed to have fired three men: Peter Rockwood, a/k/a "Noel," Roberto Santiago, and Roberto Osorio.

10

76. However, on information and belief, these employees were not all fired. Mr. Rockwood resigned, Junie's payroll records submitted to the NYSDHR show that Junie's paid Mr. Osorio $360 in July 2020, and Mr. Santiago was reassigned to work at Wow Wine & Spirits.

77. On information and belief, Howard Fang and Yajing Liu are romantically involved or married and have a child named "Junie."

78. On the New York Department of State Division of Corporations Entity Information webpage for Wow Wine, Inc., Yajing Liu is listed as Chief Executive Officer.

79. Based on the above, the Defendant's asserted reason for terminating the Plaintiffs' employment is not credible but is a pretext for having terminated their employment on the basis of their sex.

**Plaintiffs have suffered economic loss and emotional distress as the result of Defendant's discriminating against them in the terms and privileges of employment and terminating their employment because of their sex.**

80. As a result of Defendants' discrimination against them on the basis of their sex, each of the Plaintiffs has suffered economic loss and emotional distress.

**FIRST CAUSE OF ACTION**
**Discrimination on the basis of sex under Title VII**
**42 U.S.C. § 2000e-2(a)**

81. Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as if fully set forth herein. Defendant Junie's discriminated against plaintiffs in the terms and conditions of their employment, and ultimately terminated them based on their sex, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-3(a).

82. As a result of Junie's unlawful acts, Plaintiffs have suffered damages including lost earnings, emotional distress, attorneys' fees, and the costs of bringing this action.

11

## SECOND CAUSE OF ACTION
**Discrimination on the basis of sex under the New York State Human Rights Law**
**N.Y. Exec. Law § 290**

83. Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as if fully set forth herein. Defendant Junie's discriminated against plaintiffs in the terms and conditions of their employment, and ultimately terminated them based on their sex, in violation of the New York State Human Rights Law, N.Y. Exec. Law § 296.

84. As a result of Junie's unlawful acts, Plaintiffs have suffered damages including lost earnings, emotional distress, attorneys' fees, and the costs of bringing this action.

## THIRD CAUSE OF ACTION
**Discrimination on the basis of sex under the New York City Human Rights Law**
**N.Y.C. Admin. Code § 8-101**

85. Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as if fully set forth herein. Defendant Junie's discriminated against plaintiffs in the terms and conditions of their employment, and ultimately terminated them based on their sex, in violation of the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101.

86. As a result of Junie's unlawful acts, Plaintiffs have suffered damages including lost earnings, emotional distress, attorneys' fees, and the costs of bringing this action.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request judgment in their favor against Defendant as follows:

(a) Declaring that the acts and practices complained of herein violated Title VII, the New York State Human Rights Law, and the New York City Human Rights Law;

(b) Directing defendant to take such affirmative action necessary to ensure that the effects of these unlawful employment practices are eliminated;

  (c)  Awarding plaintiffs back pay for lost earnings;

  (d)  Awarding plaintiffs compensatory damages for emotional distress;

  (e)  Awarding plaintiffs reasonable attorneys' fees and the costs of this action;

  (f)  Awarding plaintiffs any further relief as the Court may deem necessary and proper.

Dated:  September 20, 2022

                   Lizabeth Schalet
                    The Legal Aid Society
                    Employment Law Unit
                    199 Water Street
                    New York, NY 10038
                    212-577-3300
                    lschalet@legal-aid.org

                    Laura Sager
                    Washington Square Legal Services, Inc.
                    245 Sullivan Street, Fifth Floor
                    New York, NY 10012
                    212-998-6442
                    laura.sager@gmail.com

                    Attorneys for Plaintiff